## B. A. SHEPHERD v. H. LEVINSON.

The indorsee of a joint and several promissory note sued the surviving maker, who pleaded that he was merely a surety for the deceased maker; that the note had been assigned to the plaintiff only for collection, and that the deceased maker had paid and satisfied the note, or had arranged with the plaintiff to pay the same for him, whereby this defendant was discharged. On the trial, the defendant put in evidence a letter from the plaintiff remitting to the payees the amount of the note "for collection joint note" of the makers. *Held*, in the absence of countervailing evidence, that the jury were warranted in finding for the defendant under his plea.

APPEAL from Harris. Tried below before the Hon. P. W. Gray.

This suit was commenced by the appellant to recover from the appellee the sum of $418 71, with interest and exchange, due upon a joint and several promissory note executed by one I. Ephraim and the appellee, on the 21st of August, 1856, to Pierce, Howe & Co., of Boston, Massachusetts, or their order. Ephraim being dead, the suit was brought against Levinson alone. The note bore the indorsement of the payees to the plaintiff.

This was the third trial of the cause—two successive verdicts in favor of the plaintiff having been set aside, upon motions for new trial.

The substantial defence set up by the defendant was, that he was in fact only a surety upon the note for Ephraim, who was deceased, and that Pierce, Howe & Co. knew that he was only a surety : that Pierce, Howe & Co. "forwarded the note to the said plaintiff for the purposes of collection, and upon the receipt of the same, the said plaintiff, as agent, called upon the said Ephraim to pay the same; and thereupon, the said plaintiff being in the habit of selling drafts, an arrangement was made, that the said plaintiff should pay the same— the said Ephraim representing that this defendant would not like to have the same protested, and that he, the said Ephraim, would like to protect it; and thereupon,

when the said note became due, or soon after, the said plaintiff, at the request of the said Ephraim, previously made, did pay the said Pierce, Howe & Co. the amount due by the said note, whereby the same became satisfied and discharged in full, and this defendant released therefrom, and from all liability on account thereof, leaving the said Shepherd to look to the said Ephraim for re-imbursement for the money or draft so advanced by the said Shepherd for the said Ephraim—all of which was done without the knowledge or consent of this defendant."

At the trial, the plaintiff rested his cause upon the note and indorsement.

The defendant introduced the depositions of the members of the firm of Pierce, Howe & Co., who proved that the defendant was only a surety for Ephraim; that they sent the note, with their indorsement, to the plaintiff for the purpose of collection, but had never advised plaintiff that the defendant was merely a surety, and not a principal; that promptly after the maturity of the note, they received from the plaintiff his check in payment of it. To these depositions was appended a copy of the plaintiff's letter remitting the check, as follows:

"HOUSTON, Texas, March 27, 1857.

"*Messrs. Pierce, Howe & Co., Boston:*

"GENTS: I enclose my check 3572, on Emerson Cochran & Co., $416 62, for collection I. Ephraim and H. Levinson, joint note ........................................$418 71

"Less ½ per cent. commission ...................  2 09

$416 62

"Respectfully, your obedient servant,

"B. A. SHEPHERD."

It was admitted that the plaintiff was engaged in the exchange and collection business at Houston, and that Ephraim had been a merchant there up to his death.

The court below instructed the jury as follows:

"Although the note sued on appears to be endorsed by Pierce, Howe & Co., to plaintiff, if, from the evidence, the indorsement was only to authorize or enable him as their agent to collect it for them, then no title to the note vested in him.   And if, from the evidence, you further believe that Ephraim paid or settled in any way the note with Shepherd, and that he paid the amount, less commissions for collection, to Pierce, Howe & Co., then the note was dead, and the plaintiff cannot recover it against Levinson. His remedy would be against the estate of Ephraim for any claim between them.   But if you believe otherwise, from the evidence, that the note was indorsed to Shepherd, not as collecting agent, but as his own property, in course of trade, for value, and that he really advanced and paid the amount of it to Pierce, Howe & Co., for account of Ephraim and Levinson both, then find for plaintiff."

Verdict and judgment for the defendant, and new trial refused. The plaintiff appealed, and assigns for error—1st, that the verdict is contrary to the law and evidence; 2d, that the court erred in the instructions to the jury; and 3d, that the court erred in refusing to grant a new trial.

*Rogers & Willie*, and *Henderson & Johnstone*, for the appellant.

BELL, J.—We are of opinion that there is no error in the judgment of the court below.   The record does not disclose with certainty the precise nature of the transaction between Shepherd, the appellant, and Ephraim, one of the makers of the note upon which the suit was instituted.   The letter addressed by the appellant to Messrs. Pierce, Howe & Co., on the 27th of March, 1857, warranted the jury in the conclusion that the note had been paid. If this were not true, it devolved upon the plaintiff below to show the contrary, and to make it apparent that the arrangement between himself and Ephraim was of such a nature as to reserve to him a right of action upon the note against both of the makers.   In the absence of such proof, the court below did right to submit to the jury the question, whether the note had been paid or settled; and as the evidence was such as to warrant the

jury in finding that the note had been paid or settled by Ephraim, we must conclude that they found their verdict upon this view of the case.

The judgment of the court below is affirmed.

Judgment affirmed.